United States District Court
Southern District of Texas

**ENTERED**

March 22, 2023

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| HUMBERTO ALONSO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | MISC. ACTION NO. 7:19-MC-00682 |
| | § | |
| NANCY PENA VASQUEZ, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION

Plaintiff Humberto Alonso, proceeding pro se, initiated this miscellaneous action seeking to file a civil lawsuit based primarily on fraud. (Docket No. 1.) Plaintiff's primary claim is that Defendant represented herself as an attorney, accepted payment in the amount of $2,650 to work on his immigration case, and then failed to do any legal work on his behalf. (*Id.* at 2-5.) He requests a "refund of the legal fees he paid [Defendant] plus damages." (*Id.* at 5.) Plaintiff argues that based on her actions Defendant violated "customary law and federal statute." (*Id.* at 1.)

However, Plaintiff's filing appears deficient in numerous ways, including his failure to pay the $402 filing fee required to proceed with this action. In addition, Plaintiff's proposed action appears to lack a proper basis for subject matter jurisdiction. To make matters worse, Plaintiff failed to fully comply with a court order directing him to correct the deficiencies.

As discussed below, Plaintiff has failed to prosecute this action, including failing to fully respond to a court order and failing to correct his deficiencies. As such, the undersigned recommends that this action be dismissed.

1 / 5

### I.  BACKGROUND

In April 2019, Plaintiff initiated this action seeking to file a civil lawsuit based primarily on fraud and/or theft, which was opened as a miscellaneous action because Plaintiff failed to pay the required $402 filing fee.[1]  (Docket No. 1.)  As noted, the basis of Plaintiff's "Official Complaint" is that he "hired [Defendant] from the Salinas Law Firm in Pharr, Texas in order to retain legal assistance for his United States Citizenship."  (*Id.* at 2.)  According to Plaintiff, Defendant "presented herself to [him] as an attorney" and accepted a total of $2,650 (in three installments) "to initiate the case."  (*Id.*)  However, Defendant "failed to deliver legal services" and has not refunded Plaintiff's money.  (*Id.* at 4-5.)  As damages, Plaintiff requests a "refund of the legal fees he paid [Defendant] plus damages that incurred due to [Defendant's] negligence and unprofessional behavior."  (*Id.* at 5.)  Although Plaintiff describes the basis of this action, he does not cite to any federal laws being broken or any federal statutes being violated.  Rather, he argues that Defendant's actions violated "customary law and federal statute."  (*Id.* at 1.)

However, Plaintiff's filing appears deficient in numerous ways, including his failure to pay the $402 filing fee required to proceed with this action.  In addition, Plaintiff's proposed action appears to lack a proper basis for subject matter jurisdiction.  In fact, other than citing "violations of customary law and federal statute" and claiming to be a "Texas Permanent Resident," Plaintiff does not describe the federal basis of subject matter jurisdiction over his action.  (*See id.* at 1.)

As such, in January 2021 the Court alerted Plaintiff to the deficiencies of his proposed civil action.  (Docket No. 3.)  Notably, the Court informed Plaintiff that the basis for subject matter jurisdiction was unclear, that he had failed to pay the filing fee, and that his motion to pay the

---

[1] Plaintiff did however file a "Motion for Order to Grant Payments on Filing Fee," in which he asserts that "he has no job and his family is struggling financially" and therefore requests permission to pay the filing fee in installments. (Docket No. 2.)

filing fee in installments did not meet the requirements to proceed in forma pauperis pursuant to

28 U.S.C. § 1915(a)(1). (*Id.* at 1-2.) The Court directed Plaintiff to correct his deficiencies "within

forty (40) days." (*Id.* at 2-3.) Specifically, Plaintiff was ordered to "submit an amended pleading

in which he shall state the basis for subject matter jurisdiction of this Court." (*Id.* at 2.) He was

further ordered to either pay the filing fee in full or submit a properly supported application to

proceed without prepaying fees or costs. (*Id.*)

Plaintiff failed to respond. Furthermore, Plaintiff has taken no further action in this case.

## II. ANALYSIS

Plaintiff's action is subject to dismissal for failure to prosecute. Rule 41(b) provides that

an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these

rules or a court order." FED. R. CIV. P. 41(b). Such a dismissal may be made upon motion by the

opposing party or on the court's own motion. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127

(5th Cir. 1988). While a court should be "appropriately lenient" with a party who is proceeding

pro se, the "'right of self-representation does not exempt a party from compliance with relevant

rules of procedural and substantive law.'" *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991)

(quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

Here, Plaintiff has wholly failed to correct the deficiencies in his original pleading. As

Plaintiff was informed, the federal basis for subject matter jurisdiction based on his claims remains

unclear. *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999) ("[A] court *sua*

*sponte* must raise the issue if it discovers it lacks subject matter jurisdiction."). To make matters

worse, he also failed to comply with the Court's order that both highlighted his deficiencies and

directed him to correct them. Specifically, although Plaintiff filed a "Motion for Order to Grant

Payments on Filing Fee," it was likewise deficient. Stated another way, the fact remains that

Plaintiff has failed to pay the filing fee or submit a properly supported application to proceed in forma pauperis.

Put simply, this action should be dismissed for failure to prosecute.  *See Torres v. Krueger*, 596 F. App'x 319, 321 (5th Cir. 2015) (In affirming the district court's dismissal of the action with prejudice, the Fifth Circuit noted the parties' failure to respond to the court's order.); *see also In re Wood*, 199 F. App'x 328, 333 (5th Cir. 2006) (the Fifth Circuit noted egregious delays of two years and seven years) (string citation omitted); *Greathouse v. Tex. Dep't of Criminal Justice*, 379 F. App'x 403, 404 (5th Cir. 2010) (affirming district court's dismissal of a civil rights complaint where the plaintiff failed to comply with the court's order to pay a filing fee).  It appears that no lesser sanction is available since Plaintiff failed to comply with the Court's order, there appears to be no proper basis for subject matter jurisdiction, and Plaintiff has taken no further action in this case.

### III.  CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that this action be DISMISSED based on Plaintiff's failure to prosecute.

### NOTICE

The Clerk shall send a copy of this Report and Recommendation to Plaintiff, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure.  Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

SO ORDERED, the 22nd of March, 2023 at McAllen, Texas.

_____

NADIA S. MEDRANO
United States Magistrate Judge